IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Sun Life Assurance Company of Canada, | ) ) ) ) ) ) | C/A No. 4:18-cv-02711-RBH |
| Plaintiff, | ) ) | |
| vs. | ) ) | **CONSENT ORDER TO DEPOSIT FUNDS, FOR INTERPLEADER, DISBURSEMENT OF FUNDS AND DISMISSAL** |
| The William & Julia Spadoni Survivorship Trust dated 11/1/92; David Mikolajczyk as Trustee; The Spadoni Family Trust; and Edward B. Bowers, Jr., James S. Massey, David Mikolajczyk as Trustees; and Brenda Spadoni Zilonka individually and as the Beneficiary; Spadoni Irrevocable Trust I dated 3/7/95; and Leslie L. Anderson as Trustee; and David Mikolajczyk as Protector and Brenda Spadoni Zilonka, Individually and as a Beneficiary, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This is an interpleader action brought by Plaintiff Sun Life Assurance Company of Canada, ("Sun Life"), whereby Plaintiff seeks to deposit life insurance proceeds with the Court pursuant to Fed.R.Civ.P. 22 and 67, Local Rule 67.01, and for an order dismissing it from the case with prejudice. This matter is before the Court on the parties' joint motion to deposit funds, for interpleader, for disbursement of funds, and for dismissal of Plaintiff from the action with prejudice. Based on the following findings of fact and conclusions of law, the parties' motion is granted.

### I. FINDINGS OF FACT

1.  Plaintiff is an insurance company duly organized and existing pursuant to the laws of the country of Canada, with its principal place of business in the United States in Wellesley Hills, Massachusetts and was licensed to sell individual life insurance in State of South Carolina.

1



2. Defendant The William & Julia Spadoni Survivorship Trust dated 11/1/92 ("Survivorship Trust") is a trust identified as the applicant for a life insurance policy provided by Sun Life as is set forth in more detail herein below.

3. Defendant David Mikolajczyk is a resident and citizen of Horry County, State of South Carolina and executed the application for life insurance as Trustee for the Survivorship Trust and the Family Trust.

4. Defendant The Spadoni Family Trust ("Family Trust" or "1992 Trust") is a trust organized and existing pursuant to the laws of the State of South Carolina, located in Horry County, and the beneficiaries of the Family Trust are residents and citizens of the State of South Carolina, and are not residents and citizens of the Country of Canada.

5. Defendants Edward B. Bowers, Jr. and James S. Massey are or were residents and citizens of Horry County, State of South Carolina and are or were also Trustees for Family Trust. James S. Massey is no longer living.

6. Defendant Brenda Spadoni Zilonka, now known as Brenda Spadoni Bethune, is aresident and citizen of Horry County, State of South Carolina and is the beneficiary of both the Family Trust and of Trust I.

7. Defendant Spadoni Irrevocable Trust I dated 3/7/95 ("Trust I") is a trust organized and existing pursuant to the laws of the State of South Carolina, located in Horry County, and the beneficiaries of the Survivorship Trust are residents and citizens of the State of South Carolina, and are not residents and citizens of the Country of Canada.

8. Leslie L. Anderson is a resident and citizen of Greensboro, State of North Carolina and is or was a Trustee of Trust I.

9. All known claimants to the proceeds of the Policy have been made parties to this action.



2

10. This action is of a civil nature and involves a controversy between citizens of a state and citizens of a foreign state. The value of the matter in dispute exceeds the sum of $75,000.00, exclusive of interest and costs. This action is one over which the District Court of the United States has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). Venue is appropriate in this this District because certain Defendants reside and/or are located in this District, and a substantial part of the events giving rise to this claim occurred in this District.

11. On or about December 10, 1992, David Mikolajczyk, as Trustee for the Survivorship Trust, applied for, and on December 15, 1992 received, a policy of life insurance from Plaintiff, Policy No. 9276712 (the "Policy"), in the face amount of One Million Nine Hundred Fifty Seven Thousand Eight Hundred and no/100s ($1,957,800.00) Dollars. The Policy was a joint and last to die policy. The application listed the Owner and the Beneficiary of the Policy as "The William & Julia Spadoni Survivorship Trust, Dated November 1, 1992". The application was signed by William and Julia Spadoni as Proposed Insureds and by "David Mikolajczyk/Trustee" as the Owner.

12. On or about March 7, 1995, Edward B. Bowers, Jr., James S. Massey and David Mikolajczyk as trustees for the Family Trust executed a Deed of Gift to Trust I. Schedule A to the Deed of Gift stated:

Deed of Gift

Edward B. Bowers, Jr., James S. Massey
and David Mikolajczyk, as Trustees of
The Spadoni Family Trust, Grantors

All rights, cash values and benefits in and under SunLife of Canada Policy No.
9276712R (Face Amount $1,957,800.00).

13. The March 7, 1995 Deed of Gift made no reference to the Survivorship Trust, and Plaintiff has received no gift documents and/or change of beneficiary forms indicating that the Policy proceeds are to be paid to anyone other than the Survivorship Trust.



3

14. While the Policy was in force, William Spadoni died on November 19, 2007. Julia Spadoni, the last insured, died on February 14, 2018, making the proceeds under the Policy due and payable.

15. On August 28, 2018, Plaintiff received a claim from the Trustee for the Family Trust seeking entitlement to the Policy proceeds. However, because the application only listed the Survivorship Trust as the beneficiary, and no change of beneficiary forms and/or gift forms were received by Plaintiff mentioning the Survivorship Trust, Plaintiff is unable to determine whether the Family Trust is the same trust as the Survivorship Trust and/or if proceeds are payable to the Trust I pursuant to the Deed of Gift. Therefore, there are potentially competing claims.

16. Although no Defendants other than the Family Trust have submitted claims for the Policy proceeds, they, nevertheless, have potential competing claims to the Policy proceeds on the basis of their status as named beneficiaries and/or gift recipients.

17. There need not be actual competing claims against Plaintiff for it to be entitled to interpleader, as long as there is the potential for multiple claims. 6247 Atlas Corp. v. Marine Ins. Co., 155 F.R.D. 454, 463 (S.D.N.Y. 1994) (interpleader available to join prospective claimants, even if they have not yet made formal demand against stakeholder); First Union National Bank v. FVCS Communications, 321 S.C. 496, 469 S.E.2d 613 (Ct. App. 1996), rev'd on other grounds, 328 S.C. 290, 494 S.E.2d 429 (1997) (internal citation omitted). Interpleader jurisdiction is not denied merely because the claims which the stakeholder seeks to have adjudicated are not actual but are instead prospective in nature. Id. The right to interpleader depends merely upon the stakeholder's good faith fear of adverse claims. Id.

18. Because of the possibility of competing claims, a dispute exists as to the proper beneficiary or beneficiaries and the proper distribution of the Policy proceeds.



4

19. Plaintiff is not able to determine which of the Defendants is entitled to the Policy proceeds and cannot currently pay any part of said proceeds without danger of being compelled to pay all or a portion of said proceeds to each alleged beneficiary.

20. Were Plaintiff to attempt to distribute the Policy proceeds at this time, Defendants' claims are such that Plaintiff may be exposed to double or multiple liability.

21. Pursuant to Federal Rule of Civil Procedure 22, Plaintiff seeks to deposit with the Court the amount of $2,229,544.40 representing the full amount of death benefits under the Policy, thereby entitling Plaintiff to a full discharge of any and all liability under the Policy.

## II. CONCLUSIONS OF LAW

22. Under Rule 4(k) of the Federal Rules of Civil Procedure, this Court has personal jurisdiction over all parties to this action.

23. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

24. Venue is appropriate pursuant to 28 U.S.C. §1391(b) because certain Defendants reside and/or are located in this District, and a substantial part of the events giving rise to this claim occurred in this District.

25. Plaintiff Sun Life properly filed this action and has sufficiently stated its ground for an interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure. There are potentially competing claims and Sun Life is in danger of exposure to double or multiple liability.

26. The Defendants all represent and hereby agree that the application misidentified the Owner and Beneficiary of the Policy as "The William & Julia Spadoni Survivorship Trust dated 11-1-92." In fact, no such trust was ever created, and the correct applicant was actually the Spadoni Family Trust, which was dated 11-1-92, of which David Mikolajczyk was Trustee.

**NOW THEREFORE**, by and with the consent of all parties to this action, it is **ORDERED, ADJUDGED & DECREED** that:

5



1. Plaintiff Sun Life Insurance Company shall deposit the proceeds of the Policy in the amount of $2,229,544.40 with the Clerk of Court of the United States District Court for the District of South Carolina within fifteen (15) days of the entry of this order. These funds will remain deposited with the Clerk of Court under the exclusive jurisdiction of this Court, pending the resolution of this action.

2. Once Plaintiff Sun Life deposits the above funds with the Clerk of Court, pursuant to Rule 22 of the Federal Rules of Civil Procedure, Sun Life is dismissed from this lawsuit with prejudice, and is discharged from all liability arising out of or relating to the lawsuit and the Policy, including any claim of entitlement to the proceeds, payment of benefits, improper claims handling, bad faith, damages, punitive damages, attorney's fees, costs or expenses regarding the Policy and/or the lawsuit, and all parties to this action are permanently enjoined from filing suit against Sun Life grounded on such claims.

3. Once the above funds are deposited by Plaintiff with the Clerk of Court, the Clerk of Court shall disburse these funds to The Spadoni Family Trust dated 11-1-92.

4. Once these funds are disbursed, this action is dismissed with prejudice.

_____
R. BRYAN HARWELL
UNITED STATES DISTRICT JUDGE

November 6, 2018
Florence, South Carolina

